UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA



| | |
|---|---|
| GEORGE ADONIS CARTER (#359834) | CIVIL ACTION |
| VERSUS | |
| WEST BATON ROUGE WORK RELEASE FACILITY, ET AL. | NO. 08-0415-JVP-CN |

### R U L I N G

On May 7, 2008, the pro se plaintiff, an inmate previously incarcerated at Elayn Hunt Correctional Center ("EHCC"), St. Gabriel, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against the West Baton Rouge Work Release Facility, Deputy General Moore, the Louisiana Department of Public Safety and Corrections, Ray Pecoran and C. Brown, complaining that on November 28, 2007, he was falsely accused of possessing a cell phone and, after a disciplinary board hearing at which he was not allowed a requested continuance, was found guilty and sentenced to a loss of four (4) weeks of canteen privileges, a loss of 180 days of good-time credits which he had earned toward early release, and a transfer to a facility farther away from home.

By correspondence dated August 7, 2008, the Clerk of Court instructed the plaintiff that he must, within fifteen (15) days, either pay the cost of filing suit in this Court or, within such time, submit a properly completed motion to proceed as a pauper herein, together with a Statement of Account signed by an authorized official at the plaintiff's institution, certifying to the average six-month balance and deposits in his inmate account(s).  Rec.doc.no. 5.  The plaintiff was specifically notified that, "failure to amend the pleadings as indicated will result in the dismissal of your suit by the Court without further notice."

Despite notification of the need to either pay the cost of filing suit in this Court or submit a properly completed motion to proceed as a pauper and Statement of Account within fifteen (15) days, the plaintiff failed to respond to the Court's Order. Accordingly, on March 26, 2009, the Court entered an Order directing the plaintiff to appear and show cause, in writing, within fifteen (15) days, why his suit should not be dismissed for failure to comply with the Court's directive. Rec.doc.no. 6. The plaintiff was again advised that "a failure to comply with the Court's Order within the time allowed shall result in the dismissal of this lawsuit without further notice from the Court."

Now, after the delays have passed, the record reflects that the plaintiff has failed to comply with the Court's Order by (1) either paying the cost of filing suit in this Court or filing a properly completed motion to proceed as a pauper and Statement of Account, or (2) responding to the Court's Order directing him to appear and show cause. Accordingly, his Complaint shall be dismissed, without prejudice, for failure to correct the deficiency of which he was notified. Judgment shall be entered accordingly.[1]

Baton Rouge, Louisiana, this 7th day of August, 2009.

JOHN V. PARKER
UNITED STATES DISTRICT JUDGE

---

[1] The Court further notes that the service copy of the Court's Order of March 26, 2009, rec.doc.no. 6, which was forwarded to the plaintiff at his record address, has been returned to the Court as undeliverable because the plaintiff has been "transferred" from the facility where he was housed. Under Uniform Local Rule 41.3M, the failure of a pro se litigant to keep the Court apprised of an address change may constitute cause for dismissal for failure to prosecute when a notice has been returned to a party or the Court for the reason of an incorrect address, and no correction has been made to the address for a period of thirty (30) days.